#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:24-cr-92 |
| vs. | : | JUDGE MARBLEY |
| MARK ANGLEMYER, JR., | : | |
| Defendant. | : | |

#### DEFENDANT'S SENTENCING MEMORANDUM

**I.     Introduction**

On April 11, 2025, Mark Anglemyer, Jr.[1] pleaded guilty to conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. He is now before the Court for sentencing. The Court is tasked with imposing "a sentence sufficient, but not greater than necessary," to vindicate Congress' sentencing mandate, set forth in 18 U.S.C. § 3553(a)(2). The Court must begin sentencing proceedings by first correctly calculating the applicable guideline range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). However, this guideline range is only "the starting point and the initial benchmark." The Court "may not presume that the guideline range is reasonable." *Id.* at 596-97. A sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the guidelines range." *Gall* at 595.

The government has filed a Sentencing Memorandum recommending that the Court impose a sentence of 135 months' incarceration. Counsel for Mr. Anglemyer submits that a sentence of

---

[1] Hereinafter, "Mark" or "Mr. Anglemyer."

66 months would satisfy Congress' codified purposes in sentencing because it would: reflect the seriousness of the offense; provide just punishment; provide adequate deterrence; and protect the public from further crimes committed by Mr. Anglemyer. 18 U.S.C. § 3553(a)(2).

## II.     Guideline Calculations/Objections to the PSR

Mr. Anglemyer objects to the determination that he should receive a four-level leadership enhancement, as opposed to the two-level enhancement agreed upon by the parties. The government joins Mr. Anglemyer's objection. Mr. Anglemyer submits that his correct total offense level is 33, resulting in an advisory Guidelines range of 135 to 168 months.

## III.     § 3553(a) Factors

A sentencing court is unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 53 2007) (quoting *Koon v. United States*, 518 U.S. 81 (1996)). To conduct an individualized assessment, the Sentencing Reform Act provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

"Sentencing is an art, not to be performed as a mechanical process but as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United States v. Harris*, 679 F. 3d 1179, 1183 (9th Cir 2012). Individualized sentencing is necessary as the principle of sentencing is that "the punishment should fit the offender not merely the crime".

*Pepper v. United State*s, 131 S.Ct. 1229, 1240 (2011) (quoting Williams v. New York, 337 U.S. 241, 247 (1949)).

*Pepper, Booker, Gall* and *Kimbrough* "empowered district courts, not appellate courts… [and have] breathe[d] life into the authority of district court judges to engage in individualized sentencings." *United States v. Whitehead*, 532. F. 3d 991 (9th Cir. 2008); *United States v. Vonner*, 516 F. 3d 382, 392 (6th Cir. 2008) (*en banc*).

The final step of the sentencing analysis requires this Court to determine what sentence is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate. In order to assist the Court with this determination, Mr. Anglemyer primarily relies upon the Mitigation Memorandum[2] prepared by Jill Bucaro, MSW, LISW-S, LICDC, Mitigation Specialist for the Office of the Federal Public Defender, to be filed under seal as Defendant's Exhibit A, with Appendices I-VII. Ms. Bucaro's Memorandum provides information relevant to the following 18 U.S.C. § 3553(a) factors:

(1) Mr. Anglemyer's history and characteristics and the nature and circumstances of his offense. 18 U.S.C. § 3553(a)(1)—*See,* Mitigation Memorandum, Sections I through IV, VI;

(2) the need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional

---

[2] In addition to the cited references and appendices, Ms. Bucaro's Memorandum is based on interviews with Mr. Anglemyer and his family members, and review of collateral sources including discovery, case pleadings, and Mr. Anglemyer's medical and mental health treatment records.

treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A)-(D)—*See,* Mitigation Memorandum, Section V.

In sum, Mr. Anglemyer's conduct, while undoubtedly very serious, was precipitated and fueled by a history of trauma, severe depression, and out-of-control substance abuse. His lack of criminal history, coupled with his post-offense rehabilitation, lends support for a downward variance from the advisory Guidelines range. *Pepper v. United States*, 131 S. Ct. 1229 , 1241 (2011).[3] Mr. Anglemyer's post-offense conduct may be taken as the most accurate indicator of his "present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that out to be imposed upon him." *Pepper*, 131 S. Ct. at 1242-43. Mr. Anglemyer's familial obligations also warrant consideration of a downward variance.

## IV.     Conclusion

While substantially below the Guidelines range, a sentence of 66 months is nonetheless a severe sentence. Such a sentence would vindicate Congress' sentencing mandate as it would not diminish the seriousness of his offense, and would provide just punishment, adequate deterrence and protection of the public.

Respectfully submitted,

JOSEPH MEDICI
FEDERAL PUBLIC DEFENDER

　　/s/ Laura E. Byrum
Laura E. Byrum (VA Bar No. 48150)
Soumyajit Dutta (OH Bar No. 76762)

---

[3] While *Pepper* is technically only concerned with whether district judges are permitted to consider evidence of a defendant's postsentencing rehabilitation at a resentencing following a reversal on appeal, Justice Sotomayor's opinion highlights reasons why evidence of a defendant's rehabilitation is a critically important concern for an initial sentencing decision to comply with the mandates of § 3553(a).

Assistant Federal Public Defenders
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
Telephone: (614) 469-2999
Facsimile: (614) 469-5999

Laura_Byrum@fd.org

Soumyajit_Dutta@fd.org

Counsel for Defendant
Mark Anglemyer, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

    /s/ Laura E. Byrum
Laura E. Byrum (VA Bar No. 48150)
Assistant Federal Public Defender

Counsel for Defendant
Mark Anglemyer, Jr.